Robert A. Weikert (Bar No. 121146)
rweikert@nixonpeabody.com
Dawn N. Valentine (Bar No. 406486)
dvalentine@nixonpeabody.com
NIXON PEABODY LLP
One Embarcadero Center, 32nd Floor
San Francisco, California 94111-3600
Tel: (415) 984-8385
Fax: (866) 294-8842

David L. May (*Pro Hac Vice Pending*)
dmay@nixonpeabody.com
Jennette E. Wiser (*Pro Hac Vice Pending*)
jwiser@nixonpeabody.com
NIXON PEABODY LLP
799 9th Street NW
Washington, DC 20001-4501
Tel: (202) 585-8220
Fax: (202) 585-8080

*Attorneys for Plaintiff*
*Pushpay IP Limited*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PUSHPAY IP LIMITED, a New Zealand limited company,<br><br>Plaintiff,<br><br>vs.<br><br>DOES 1-10, unknown account holder(s) and/or domain name registrant(s),<br><br>Defendants. | Case No.: 3:19-cv-01322-TSH<br><br>**NOTICE OF *EX PARTE* APPLICATION FOR EXPEDITED LIMITED DISCOVERY AND MEMORANDUM OF LAW IN SUPPORT OF *EX PARTE* APPLICATION FOR EXPEDITED LIMITED DISCOVERY** |

**NOTICE OF *EX PARTE* APPLICATION FOR EXPEDITED LIMITED DISCOVERY**

PLEASE TAKE NOTICE that Plaintiff Pushpay IP Limited ("**Plaintiff**" or "**Pushpay**"), by its undersigned attorneys, hereby applies *ex parte* pursuant to Federal Rule of Civil Procedure 26(d) and Local Rule 7-10 for expedited limited discovery to serve subpoenas on Twitter, Inc.

and Google, LLC pursuant to Federal Rule of Civil Procedure 45. The subpoenas are necessary for Plaintiff to learn the identity of those persons or entities who created and operated infringing and damaging Twitter accounts, as well as registered an infringing domain name.

Good cause exists for the applied for expedited limited discovery. This is an action for trademark infringement, counterfeiting, and false designation of origin and unfair competition, and related state law claims, arising out of Defendants' creation and operation of infringing and damaging Twitter accounts and registration of an infringing domain name. Because Defendants operated the Twitter accounts anonymously, and registered the domain name under a privacy service, Plaintiff has been unable to determine Defendants' true identities. Plaintiff now seeks to serve subpoenas on Twitter, Inc. and Google, LLC to determine information about Defendants, including the identity of the unlawful actors so that they can be joined by name in the present action and appropriate relief sought against them.

///

///

///

///

///

///

///

///

///

///

///

///

Plaintiff submits this *ex parte* application based on this Notice and the attached Memorandum of Law in Support thereof, the Complaint in this action, and such other and further oral or documentary evidence and legal memoranda as presented at or before any hearing on this application.

Dated: March 15, 2019

Respectfully submitted,

**NIXON PEABODY LLP**

By *___/s/ Robert A. Weikert___*

Robert A. Weikert (Bar No. 121146)
rweikert@nixonpeabody.com
Dawn N. Valentine (Bar No. 206486)
dvalentine@nixonpeabody.com
NIXON PEABODY LLP
One Embarcadero Center
San Francisco, California 94111-3600
Tel: (415) 984-8200
Fax: (415) 984-8300

David L. May (*Pro Hac Vice Pending*)
dmay@nixonpeabody.com
Jennette E. Wiser (*Pro Hac Vice Pending*)
jwiser@nixonpeabody.com
NIXON PEABODY LLP
799 9th Street NW
Washington, DC 20001-4501
Tel: (202) 585-8000
Fax: (202) 585-8080

*Attorneys for Plaintiff*
*Pushpay IP Limited*

**MEMORANDUM OF LAW IN SUPPORT OF *EX PARTE* APPLICATION FOR EXPEDITED LIMITED DISCOVERY**

## I. INTRODUCTION

Plaintiff Pushpay IP Limited ("**Plaintiff**" or "**Pushpay**"), by its undersigned attorneys, respectfully submits this *ex parte* application for expedited limited discovery to serve subpoenas on Twitter, Inc. ("**Twitter**") and Google, LLC ("**Google**"), pursuant to Federal Rule of Civil Procedure 45, to determine the true identities of Defendants Does 1-10, who are unknown account holder(s) of the PushyPay Twitter Accounts (as defined *infra*) and/or unknown registrant(s) of the PushyPay Domain Name (as defined *infra*) (collectively, "**Defendants**"). As detailed below, Defendants have used identical and/or confusingly similar marks to one or more of the Pushpay Marks (as defined *infra*) in connection with the PushyPay Twitter Accounts and/or the PushyPay Domain Name without authorization. Further, by use of the PushyPay Twitter Accounts Defendants are impersonating Pushpay by publishing Tweet messages as if they are originating from Plaintiff. Such actions are likely to cause and have actually caused confusion in the marketplace as to source, origin, sponsorship and/or affiliation with Pushpay and its distinctive marks.

Pushpay requires expedited and early discovery in order to identify the persons or entities responsible for the unlawful use of the Pushpay Marks as described herein. Without the granting of this application, Pushpay will be unable to serve the Complaint on the subject Defendants.

## II. STATEMENT OF FACTS

Pushpay and its related companies offer financial goods and services, including without limitation those related to a mobile application program designed to run on smart phones and other mobile devices that allows users to quickly and easily make direct, secure mobile payments to registered companies and organizations. Dkt. 1, Complaint, ¶ 8, Ex. A.

Pushpay is the owner of, *inter alia*, the following U.S. trademark registrations and applications: U.S. Trademark Registration No. 5,538,065 and U.S. Trademark Application Serial Nos. 86/984,196 and 86/256,086 for the mark PUSHPAY; U.S. Trademark Registration No. 4,921,353 for the mark ; U.S. Trademark Registration No. 4,953,885 for the mark ; U.S. Trademark Registration No. 5,628,107 and U.S. Trademark Application Serial No. 87/385,370 for the mark P; U.S. Trademark Registration No. 3,096,435 and U.S. Trademark Application Serial No. 87/067/992 for the mark PUSH TO PAY; U.S. Trademark Registration No. 4,444,457 for the mark JUST PUSH PAY; U.S. Trademark Registration No. 4,448,373 for the mark ; and U.S. Trademark Application Serial No. 87/398,945 for the mark PUSH (collectively, the "**Pushpay Marks**"). Dkt. 1, Complaint, ¶¶ 11-15, Exs. C-F. Through Pushpay's use of the Pushpay Marks and other related marks, and by virtue of Pushpay's registrations and applications for the Pushpay Marks in connection with its various goods and services, Pushpay has acquired valuable rights and goodwill in and to such marks. Dkt. 1, Complaint, ¶ 17.

On or around February 13, 2019, Pushpay became aware of the Twitter account @PushyPay using one or more of the Pushpay Marks, including but not limited to marks identical to and/or confusingly similar to the PUSHPAY, , and P marks, in its Twitter handle and on its corresponding Twitter page, without Pushpay's authorization, as shown below. Dkt. 1, Complaint, ¶ 18, Ex. G.







The @PushyPay handle, as well as the content incorporated on the corresponding Twitter page, clearly indicate that Defendants created the @PushyPay account for the singular purpose of tarnishing Pushpay's reputation and damaging its business. Dkt. 1, Complaint, ¶ 19. Even more, upon information and belief, Defendants knowingly and intentionally requested to "follow" customers and competitors of Pushpay, as well as Pushpay employees, through its @PushyPay account on Twitter and customers and/or competitors of Pushpay were actually confused into believing that the @PushyPay account was owned or operated by, or otherwise associated with, Pushpay. Dkt. 1, Complaint, ¶¶ 22-23.

On or around February 15, 2019, Pushpay became aware that Defendants created a new Twitter account under the handle @PushyPayTM for the same flagrant objective of impersonating PushPay and thus tarnishing Pushpay's reputation and damaging its business. Dkt. 1, Complaint, ¶ 26. (The @PushyPay and @PushyPayTM Twitter accounts are collectively, hereinafter referred to as the "**PushyPay Twitter Accounts**".) Pushpay submitted infringement and impersonation reports against the PushyPay Twitter Accounts and the accounts were and as of this date, remain suspended. Dkt. 1, Complaint, ¶¶ 24-25 and 27-18.

Additionally, on February 17, 2019, the domain name <pushypay.com> was registered via a domain privacy service (the "**PushyPay Domain Name**"). Dkt. 1, Complaint, ¶ 30, Ex. I. In

view of the timing of the registration of the PushyPay Domain Name (only five (5)) days after Pushpay became aware of the @PushyPay account and submitted infringement and impersonation reports against the same), it is more than likely that the PushyPay Domain Name was registered by Defendants or an individual or entity associated with Defendants in furtherance of their efforts to tarnish Pushpay's reputation and damage its business. Dkt. 1, Complaint, ¶ 31.

Defendants' unauthorized use of identical and/or confusingly similar marks to one or more of the Pushpay Marks in connection with the PushyPay Twitter Accounts and/or the PushyPay Domain Name is likely to cause and has actually caused confusion in the marketplace as to source, origin, sponsorship and/or affiliation with Pushpay and its distinctive marks. Dkt. 1, Complaint, ¶¶ 32-33.

Pushpay has been unable to determine the identities of Defendants. There is no identifying information on the Twitter pages associated with Defendants' PushyPay Twitter Accounts. *See* Dkt. 1, Complaint, Ex. G. Also, the PushyPay Twitter Accounts are currently suspended and therefore, Pushpay is unable to contact Defendants directly through Twitter. Dkt. 1, Complaint, ¶¶ 25 and 28. Moreover, pursuant to its policy, Twitter will not disclose account information without a subpoena or court order. The following is a link to Twitter's policies regarding legal requests: https://help.twitter.com/en/rules-and-policies/twitter-legal-faqs. The PushyPay Domain Name is registered under a privacy service, which masks the true registrant information of the domain name. Dkt. 1, Complaint, ¶ 30, Ex. I. For these reasons, among others, Defendants identities and contact information remain unknown.

Accordingly, in view of the above actions, on March 12, 2019, Pushpay filed the Complaint in this action against unknown Defendants for trademark infringement, counterfeiting, false designation of origin and unfair competition, and cybersquatting under the Lanham Act,

unfair competition under California statutory law, and trademark infringement and unfair competition under California Common Law. Dkt. 1, Complaint.

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 26(d)(1) requires that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . by court order." Fed. R. Civ. P. 26(d)(1). The district court employs broad discretion in granting Rule 26(d) discovery orders. *Marketo, Inc. v. Doe*, No. 18-cv-06792-JSC, 2018 U.S. Dist. LEXIS 197169, at *3-4 (N.D. Cal. Nov. 19, 2018) (citing *Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003)).

The Ninth Circuit applies a "good cause" standard to decide whether early discovery is merited. *Id*; *see Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002); *see also G.N. Iheaku & Co. v. Does 1-3*, No. C-14-02069 LB, 2014 U.S. Dist. LEXIS 82540, 2014 WL 2759075, at *2 (N.D. Cal. June 17, 2014) (collecting cases). "'Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice of the responding party.'" *Id* (quoting *Semitool, Inc.*, 208 F.R.D. at 276).

When the identities of defendants are unknown prior to filing a complaint, a plaintiff "should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). Courts in this Circuit often consider the following factors to determine whether there is "good cause" to permit expedited discovery to identify unknown defendants:

> (1) the plaintiff can identify the missing party with sufficient specificity such that the Court can determine that defendant is a real person or entity who could be sued in federal court; (2) the plaintiff has identified all previous steps taken to locate the elusive defendant; (3) the plaintiff's suit against defendant could withstand a motion to dismiss; and (4) the plaintiff has demonstrated that there is a reasonable

> likelihood of being able to identify the defendant through discovery such that service of process would be possible.

*OpenMind Solutions, Inc. v. Does 1-39*, No. 11-3311, 2011 U.S. Dist. LEXIS 116552, 2011 WL 4715200, at *2 (N.D. Cal. Oct. 7, 2011) (citing *Columbia Ins. Co. v. seescandy.com*, 185 F.R.D. at 578-80 (N.D. Cal. 1999)); *see Marketo, Inc.*, 2018 U.S. Dist. LEXIS 197169, at *3-4. Further, in infringement cases involving activities on the Internet,

> courts routinely find good cause exists to issue a Rule 45 subpoena to discover a Doe defendant's identity, prior to a Rule 26(f) conference, where a plaintiff makes a prima facie showing of infringement, there is no other way to identify the Doe defendant, and there is a risk an ISP will destroy its logs prior to the conference.

*UMG Recordings, Inc. v. Doe*, 2008 U.S. Dist. LEXIS 79087, at *9 (N.D. Cal. Sept. 3, 2008).

## IV. GOOD CAUSE EXISTS TO PERMIT EXPEDITED DISCOVERY

In this case, good cause exists for granting Pushpay's application for expedited limited discovery to serve subpoenas to identify the unknown Defendants.

### a. <u>Pushpay has Sufficiently Identified Defendants</u>

The first factor courts in this Circuit commonly consider when determining good cause is whether a plaintiff has identified the unknown party with sufficient particularity such that the court is able to reason that defendant is a real person or entity who could be sued in federal court. *OpenMind Solutions, Inc.*, 2011 U.S. Dist. LEXIS 116552, at *2. Here, Defendants are the account holders or operators for the PushyPay Twitter Accounts and/or the registrants of the PushyPay Domain Name. These are specific individuals or entities, which can be discovered through account and other business records held by Twitter and/or Google. Thus, Pushpay has satisfactorily identified Defendants for purposes of showing good cause to order expedited discovery.

**b. <u>Pushpay has Described All Steps Taken to Identify Defendants</u>**

The second factor is that plaintiff has identified all prior steps taken to locate the defendants. *Id.* As discussed above, Pushpay has been unable to determine the identities of Defendants. There is no identifying information on the Twitter pages associated with Defendants' PushyPay Twitter Accounts and the PushyPay Twitter Accounts are currently suspended. The PushyPay Domain Name is registered under a privacy service concealing the true registrant information. Also, Twitter and Google typically do not disclose account or registrant information without a subpoena or court order. Thus, Pushpay has no way of compelling Defendants' identifying information without this Court's intervention.

**c. <u>This Action Is Likely to Withstand a Motion to Dismiss</u>**

The third factor of Pushpay's Complaint likely to withstand a motion to dismiss is also easily met. Pushpay is the owner of the Pushpay Marks, including but not limited to U.S. Trademark Registration No. 5,538,065 for the mark PUSHPAY; U.S. Trademark Registration No. 4,921,353 for the mark ; U.S. Trademark Registration No. 4,953,885 for the mark ; and U.S. Trademark Registration No. 5,628,107 for the mark P. Without authorization, Defendants have registered, operated and used the PushyPay Twitter Accounts and/or the PushyPay Domain Name, which incorporate identical and/or confusingly similar marks to one or more of the Pushpay Marks, and sought to impersonate Pushpay. Defendants' unauthorized use of one or more of the Pushpay Marks, or confusingly similar marks or designations thereto, in connection with the PushyPay Twitter Accounts and/or the PushyPay Domain Name, is likely to cause and/or has actually caused confusion, mistake, and deception among the general public as to the origin of such accounts and/or domain name, or as to whether Defendants are sponsored by,

affiliated with, or otherwise connected to Pushpay. These actions are unlawful and constitute infringement and Pushpay's Complaint is therefore likely to survive a motion to dismiss.

**d. Pushpay's Targeted Discovery will Lead to the Identification of Defendants**

The last factor courts often contemplate is whether the plaintiff has demonstrated that there is a reasonable likelihood of being able to identify the defendant through discovery such that service is achievable. *Id.* Pushpay seeks limited discovery through the service of subpoenas on Twitter and Google on the topics of Defendants' identities, contact information, and other account or registrant information, so that Pushpay can learn the identity of Defendants and then join them by name in this suit. The requested discovery is narrowly tailored to obtain the information needed to determine the Defendants' identifying information in order to proceed with this action.

///

///

///

///

///

///

///

///

///

///

///

///

///

## V. CONCLUSION

For the reasons set forth above, sufficient good cause exists for permitting Pushpay to serve subpoenas upon Twitter and Google. Accordingly, Pushpay respectfully requests that the Court enter an order granting Pushpay's application for expedited limited discovery.

Dated: March 15, 2019

Respectfully submitted,

**NIXON PEABODY LLP**

By *____/s/ Robert A. Weikert________*

Robert A. Weikert (Bar No. 121146)
rweikert@nixonpeabody.com
Dawn N. Valentine (Bar No. 206486)
dvalentine@nixonpeabody.com
NIXON PEABODY LLP
One Embarcadero Center, 32nd Floor
San Francisco, California 94111-3600
Tel: (415) 984-8200
Fax: (415) 984-8300

David L. May (*Pro Hac Vice Pending*)
dmay@nixonpeabody.com
Jennette E. Wiser (*Pro Hac Vice Pending*)
jwiser@nixonpeabody.com
NIXON PEABODY LLP
799 9th Street NW
Washington, DC 20001-4501
Tel: (202) 585-8000
Fax: (202) 585-8080

*Attorneys for Plaintiff*
*Pushpay IP Limited*